UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-8590-DMG (AGRx)** | Date | October 20, 2020 |
|---|---|---|---|
| Title | *Melbalee Ginn, et al. v. Mutual of Omaha Ins. Co., et al.* | Page | 1 of 8 |

Present: The Honorable    **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS— ORDER RE PLAINTIFFS' MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS [14], AND DEFENDANTS' MOTIONS TO DISMISS [10, 17]**

      This matter is before the Court on Plaintiff's Motion to Remand ("MTR") and request for attorney's fees and costs [Doc. # 14] and two separate Motions to Dismiss ("MTD") [Doc. ## 10, 17]. For the reasons set forth below, the MTR is **GRANTED**, Plaintiffs' request for attorney's fees and costs is **DENIED**, and both MTDs are **DENIED as moot.**

**I.
PROCEDURAL BACKGROUND**

      On June 18, 2020, Plaintiffs Melbalee Ginn and Larry Gonzales, individually and as intended beneficiaries of decedent Ellen Kaplan, filed a Complaint in Los Angeles County Superior Court against Defendants Mutual of Omaha Insurance Company ("Mutual of Omaha"), SelectQuote Insurance Services, Bryan T. Rogers, and Debra Plater. Not. of Removal, Ex. A (Compl.) [Doc. # 1-1]. The Complaint alleges against all Defendants seven causes of action relating to denial of Plaintiffs' claims under decedent Kaplan's life insurance policy with Mutual of Omaha: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) unfair business practices under California Government Code section 17200 *et seq.*; (4) conspiracy to defraud; (5) fraud; (6) negligent misrepresentation; and (7) professional negligence. *Id.*

      On August 28, 2020, Plaintiffs amended their Complaint to substitute the true names of fictitious Doe Defendants 1-4 as Doe Defendant San Francisco SelectQuote Location Branch Manager, SelectQuote, Inc., Jeffrey Taylor, and Larry Wise, respectively. Not. of Removal, Ex. 1 at 158-65 [Doc. # 1-1].

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-8590-DMG (AGRx) | Date | October 20, 2020 |
| Title | *Melbalee Ginn, et al. v. Mutual of Omaha Ins. Co., et al.* | Page | 2 of 8 |

The Complaint alleges that Plaintiffs and individual Defendants are residents of California, and Defendants Mutual of Omaha and Selectquote have their principal place of business in California.  Compl. at ¶¶ 1-2.

On September 18, 2020, Mutual of Omaha removed this action from the Los Angeles County Superior Court asserting that this Court has diversity jurisdiction because Mutual of Omaha is a citizen of Nebraska, Plaintiffs are citizens of California, all other Defendants are sham defendants, and the amount in controversy is over $75,000.  Not. of Removal at ¶¶ 6-15 [Doc. # 1]; Vankat Decl. at ¶¶ 3-7 [Doc. # 25-1].  Defendants SelectQuote Insurance Services, SelectQuote, Inc., Bryan Rogers, Larry Wise, Jeffrey Taylor, and Doe Defendant San Francisco SelectQuote Location Branch Manager consent to and join in the removal of this action.  *Id.* at ¶ 3.  Defendant Plater has not been served in this action.  *Id.* at ¶ 4.

Plaintiffs now move to remand, arguing that Mutual of Omaha is in fact a citizen of California and the remaining Defendants are not sham defendants and seeking an award of attorney's fees and costs under 28 U.S.C. section 1447(c).  MTR at 9.  Mutual of Omaha and Plater filed an opposition to Plaintiffs' MTR [Doc. # 25], and Defendants SelectQuote Insurance Services Inc., SelectQuote Inc., Rogers, Taylor, and Wise (collectively, "the SelectQuote Defendants") filed another.  [Doc. # 23.]

The SelectQuote Defendants and Mutual of Omaha and Plater have filed separate MTDs [Doc. ## 10, 17].

On October 8, 2020, Plaintiffs filed a First Amended Complaint ("FAC").  [Doc. # 26.] The FAC makes clear that Plaintiffs still request remand and do not consent to removal jurisdiction.  FAC at ¶ 1.  The FAC alleges new facts about each Defendants' conduct giving rise to Plaintiffs' claims and does not add any parties or causes of action.

Plaintiffs' Reply in support of their MTR, filed on the same day as the FAC, includes, *inter alia*, a declaration by Plaintiff Gonzalez [Doc. # 27.]  On October 19, 2020, Defendant filed objections to the Gonzalez declaration.  [Doc. # 31.]

## II.
## FACTUAL BACKGROUND

Plaintiffs Ginn and Gonzales are the intended beneficiaries under the life and/or "Accidental Death" insurance policy issued by Defendant Mutual of Omaha to decedent Kaplan.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-8590-DMG (AGRx) | Date | October 20, 2020 |
| Title | *Melbalee Ginn, et al. v. Mutual of Omaha Ins. Co., et al.* | Page | 3 of 8 |

FAC at ¶ 9.[1] After the decedent's death in 2018, purportedly due to a hydrocodone overdose, Plaintiffs filed claims and allege that Defendants fabricated false pretenses in order to avoid paying, such as by pointing to a policy exclusion stating that "death proximately caused by an insured person's being under the influence of any controlled substance (except for narcotics given on the advise [sic] of a physician)." *Id.* at ¶¶ 11-19. Plaintiffs allege that Defendants knew the enforcement of this exclusion was improper because they were aware of that Kaplan had a prescription for hydrocodone "and/or other similar pharmaceutical drugs" and the exclusion "is violative of public policy and/or California law, and/or did not exist (or was not disclosed prior to the Incident itself)." *Id.* at ¶¶ 20-22. Plaintiffs also allege that Defendants have systemic company policies intended to deny large insurance claims. *Id.* at ¶ 25.

The FAC alleges that Defendants Rogers, Taylor, and Wise are unlicensed insurance brokers employed by Defendant SelectQuote Insurance Services who promised Plaintiffs they would sell a policy that provided coverage for Kaplan's death and that they were licensed to sell insurance in California. *Id.* at ¶ 9. According to the FAC, Plaintiffs and Kaplan spent hours on the phone with Rogers when the policy was purchased, and Rogers was the initial insurance agent that sold Kaplan the policy. Taylor and Wise also allegedly assisted in handling the Kaplan's life insurance policy. *Id.* at ¶ 21.

### III.
### DISCUSSION

As an initial matter, an "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citation omitted). Accordingly, the pending Motions to Dismiss the original Complaint are **DENIED as moot**.

Because the Court has a continuing obligation to assure itself of its jurisdiction, the Court proceeds to consider the arguments for and against removal. *See E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 763 (9th Cir. 2018).

---

[1] The FAC consistently refers to "Defendants" as a group without differentiating between them. *See, e.g.*, FAC at ¶ 10 ("Defendants, and each of them, issued the subject policy."). The FAC also refers to the Mutual of Omaha policy as a "life insurance" policy, although the terms cited refer to "accidental death benefits." *Id.* at ¶ 41. At this stage, the Court will also refer to the policy as one for life insurance.

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-8590-DMG (AGRx)** | Date | October 20, 2020 |
|---|---|---|---|

| Title | *Melbalee Ginn, et al. v. Mutual of Omaha Ins. Co., et al.* | Page | 4 of 8 |
|---|---|---|---|

### A. Legal Standard

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties to a suit be of diverse citizenship. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (internal citations omitted). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

"[T]here is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Yet, fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

A defendant opposing remand may introduce evidence beyond the pleadings to establish fraudulent joinder. *Ritchey*, 139 F.3d at 131. A removing defendant must "show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant" and "that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted); *see also Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (same).

### B. Mutual of Omaha's Citizenship

Plaintiffs assert that Mutual of Omaha was incorporated in California in 1918 and request judicial notice of its Certificate of Incorporation. *See* Request for Judicial Notice ("RJN") [Doc. # 14-2]. The document attached to the RJN is a "Certificate of Status" from the California Secretary of State website and is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," and Defendants do not contest the

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-8590-DMG (AGRx)** | Date | October 20, 2020 |
| Title | *Melbalee Ginn, et al. v. Mutual of Omaha Ins. Co., et al.* | Page | 5 of 8 |

document's authenticity. *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 824, n. 3 (9th Cir. 2011) (citing Fed. R. Evid. 201(b)); Mutual of Omaha Opp. at 7 [Doc. # 25]. The Court therefore **GRANTS** the request for judicial notice.

It is apparent from the Certificate of Status, however, that Mutual of Omaha is a Nebraska corporation, and while it is *registered* in California as a "foreign stock corporation," it is not *incorporated* in California. RJN, Ex. A. Mutual of Omaha asserts that its principal place of business is also Nebraska, and Plaintiffs do not allege otherwise. Vankat Decl. at ¶¶ 3-7. Mutual of Omaha's Nebraska citizenship thus does not destroy diversity jurisdiction.

**C.     Sham Defendants**

Next, Plaintiffs argue that SelectQuote employees Taylor, Rogers, and Wise are not sham defendants and thus their California citizenship necessitates remand. MTR at 10-11.[2] Plaintiffs allege that Taylor, Rogers, and Wise are SelectQuote employees who are not licensed to sell insurance in California, yet sold the Mutual of Omaha life insurance policy to the decedent, Kaplan. *See, e.g.*, FAC at ¶¶ 42, 81. In opposition, Defendants argue that Plaintiffs' "shotgun" pleading fails to support a cause of action against any Defendants and that Plaintiffs fail to allege any contract with or duty by the individual SelectQuote Defendants that gives rise to a cause of action. Mutual of Omaha Opp. at 9; SelectQuote Defs. Opp. at 2. Defendants also object to Plaintiff Gonzalez's declaration because it was submitted with Plaintiffs' Reply to their MTR and they assert that Gonzalez lacks personal knowledge of the statements therein. Defs.' Obj. at 2 [Doc. # 31].

Generally, courts do not consider evidence submitted for the first time on reply without providing the opposing party an opportunity to respond. *In re ConAgra Foods, Inc.*, 90 F.Supp.3d 919, 955 (C.D. Cal. 2015). But evidence that directly responds to proof provided in an opposition is not "new" and may be considered. *Id.* The Gonzalez declaration responds to the declarations of Taylor, Rogers, and Wise submitted with Defendants' Opposition, and merely reiterates under oath the allegations in Plaintiffs' FAC. *See, e.g.*, FAC at ¶ 21. Furthermore, Defendants have had an opportunity to respond by way of their evidentiary objections. The Court may thus consider the Gonzalez declaration to the extent it has not overruled the objections.

---

[2] Plaintiffs have not controverted Defendants' evidence that both SelectQuote Insurance Services and SelectQuote, Inc. are incorporated in Delaware and have their principal place of business in Kansas and are thus not California citizens. *See* Not. of Removal at ¶¶ 10-11.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-8590-DMG (AGRx)** | Date | October 20, 2020 |
| Title | *Melbalee Ginn, et al. v. Mutual of Omaha Ins. Co., et al.* | Page | 6 of 8 |

In his declaration, Gonzalez purports to recount his personal knowledge of conversations with Rogers, Taylor, and Wise and, to the extent Gonzalez attests to what these defendants told him, their statements would be admissible as admissions. The problem with both the pleadings and Gonzalez's declaration is that they use the passive voice almost entirely (i.e., "I was very specifically told . . . ."), thereby making it impossible to know *who* the source of his information was. The Court therefore **SUSTAINS** the objections to the passive voice statements in the declaration for lack of foundation to the extent it is unclear who gave Gonzalez the information and hearsay to the extent the statements that Gonzalez heard were from someone other than Rogers, Taylor, or Wise, or a person authorized to speak on behalf of Defendants. The objections are otherwise **OVERRULED** as they go to impeachment rather than admissibility.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). Courts resolve all issues of fact and all ambiguities in the law in favor of the non-removing party. *Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1241–42 (C.D. Cal. 2015) (citing *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). The Court thus takes as true Plaintiff Gonzalez's allegations that Defendants Taylor, Rogers, and Wise participated in selling Kaplan her life insurance policy.

Based on the FAC, Plaintiff's negligent misrepresentation claim against the individual SelectQuote Defendants does not obviously fail. In California, an insurance agent has an "obligation to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured." *Butcher v. Truck Ins. Exch.*, 77 Cal. App. 4th 1442, 1461 (2000) (quoting *Jones v. Grewe*, 189 Cal.App.3d 950, 954 (1987) (collecting cases establishing that "an agent's failure to deliver the agreed-upon coverage may constitute actionable negligence and the proximate cause of an injury"). Moreover, while insurance agents generally do not have "a duty to volunteer to an insured that the latter should procure additional or different insurance coverage," that rule does not apply when (1) the agent misrepresents the nature, extent or scope of the coverage being offered or provided; (2) there is a request or inquiry by the insured for a particular type or extent of coverage; or (3) the agent assumes an additional duty by either express agreement or by "holding himself out" as having expertise in a given field of insurance being sought by the insured. *Fitzpatrick v. Hayes*, 57 Cal. App. 4th 916, 927 (1997).

Here, Gonzalez asserts that he and Kaplan spent hours on the phone with Rogers, giving him all the relevant application information, including information about Kaplan's medical background. FAC at ¶¶ 3(b), 21; Gonzalez Decl. at ¶¶ 3, 9 [Doc. #27-1]. Plaintiffs allege, albeit inartfully, that the individual SelectQuote Defendants held themselves out to have special expertise in life insurance policies and misrepresented the Mutual of Omaha policy as covering

UNITED STATES DISTRICT COURT **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-8590-DMG (AGRx)** | Date | October 20, 2020 |
| Title | *Melbalee Ginn, et al. v. Mutual of Omaha Ins. Co., et al.* | Page | 7 of 8 |

death by accidental drug overdose. FAC at ¶ 21. Plaintiffs thus have not obviously failed to state a cause of action against Rogers, at the very least. *See, e.g.*, *Butcher*, 77 Cal. App. 4th at 1463 (positing that an insured could be misled by the negligence of an insurance agent if the insured asked whether a certain type of death was covered and the insurance agent answered in the negative).

Even if Plaintiffs' pleading technically fails to state claims against the individual Defendants, given the generous amendment policy in California courts, Plaintiffs would likely be granted the chance to cure their Complaint's deficiencies. *See Howard v. County of San Diego*, 184 Cal. App. 4th 1422, 1428 (2010) (stating that a California "court's discretion will usually be exercised liberally to permit amendment of the pleadings"). The Court cannot conclude that it would be *impossible* for Plaintiffs to plead new or additional facts showing any of the individual SelectQuote Defendants assumed a heightened duty to the decedent and breached that duty.

As stated above, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Rangel*, 200 F. Supp. 3d at 1033. The Court determines that remand is proper because Plaintiffs will likely be given the chance to amend their Complaint, and the Court must resolve any doubts against removal in favor of remand. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

### III.
### REQUEST FOR ATTORNEYS' FEES AND COSTS

Plaintiffs seek $3,375 in attorney's fees and costs pursuant to 28 U.S.C. section 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district court may award attorneys' fees under section 1447(c) only when Defendants "lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F. 3d 1062, 1065 (9th Cir. 2008).

Although Defendants have failed to show removal is proper here, they did not lack an objectively reasonable basis for removing the case and opposing Plaintiffs' MTR. Therefore, the Court **DENIES** Plaintiffs' request for attorneys' fees and costs.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-8590-DMG (AGRx)** | Date | October 20, 2020 |
|---|---|---|---|
| Title | *Melbalee Ginn, et al. v. Mutual of Omaha Ins. Co., et al.* | Page | 8 of 8 |

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES** Defendants' MTDs as moot.  The Court **DENIES** Plaintiffs' request for attorney's fees and costs.  The case is hereby **REMANDED** to the Los Angeles County Superior Court.  All scheduled dates and deadlines are **VACATED.**

**IT IS SO ORDERED.**